UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL IZYDOREK,

    Plaintiff,

v.                                        Case No. 8:20-cv-247-T-33CPT

UNUM GROUP,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Plaintiff Randall Izydorek's Motion to Stay Proceedings (Doc. # 32), filed on August 7, 2020. Defendant Unum Group responded on August 21, 2020, (Doc. # 34), and supported its response with an employee's declaration. (Doc. # 35). For the reasons that follow, the Motion is denied.

**Discussion**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

This Court considers "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015)(citing Freedom Sci., Inc. v. Enhanced Vision Sys., No. 8:11-cv-1194-T-17AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012)).

In his Motion, Izydorek requests a stay of this ERISA disability insurance case because he "was contacted by the human resources department of his former employer, DENSO." (Doc. # 32 at 1). According to Izydorek: "As Plan Administrator and Fiduciary, DENSO can decide, in its discretion, that [Izydorek] is entitled to benefits. DENSO stated it would have to do some investigation and get some counsel." (Id.). So, Izydorek "wishes to suspend this litigation to enable DENSO's investigations and discussions to continue." (Id.). He believes that, "[i]f DENSO decides that [he] is entitled to benefits, then no further Court proceedings will be necessary." (Id.).

2

Unum Group opposes the Motion, arguing that it would be prejudiced by a stay because a stay would delay adjudication of its pending motion to dismiss and would not simplify the legal issues in this case. (Doc. # 34 at 2). Unum Group's long-term disability policy with Izydorek's former employer ended in 2009. (Id. at 4; Doc. # 35 at 2). "Neither Unum Group nor any of its affiliate insurers, including Unum Life, currently insures any disability benefit plan for DENSO or its affiliates." (Doc. # 34 at 4; Doc. # 35 at 3). Furthermore, the policy provided that DENSO was not an agent of Unum Group. (Doc. # 34 at 4). Thus, as Unum Group points out, "DENSO has no authority to bind either Unum Group or Unum Life" and "has no authority, contractual or otherwise, to amend the cancelled policy or excuse policy requirements." (Id.).

The Court agrees with Unum Group that a stay is unnecessary. A stay would prejudice Unum Group by delaying the resolution of this case. And a settlement between Izydorek and DENSO would not clarify the legal issues because the primary issue here is whether Izydorek exhausted his administrative remedies under the plan. DENSO cannot excuse a failure to comply with the exhaustion requirement and, thus, any action it takes now will not affect the outcome of this

case. For these reasons, the Court in its discretion denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Randall Izydorek's Motion to Stay Proceedings (Doc. # 32) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of August, 2020.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE