```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

RANDALL IZYDOREK,

    Plaintiff,

v.                                     Case No. 8:20-cv-247-T-33CPT

UNUM GROUP,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Unum Group's Motion to Dismiss Amended Complaint (Doc. # 24), filed on July 7, 2020. Pro se Plaintiff Randall Izydorek responded on August 4, 2020. (Doc. # 30). Unum Group replied on August 11, 2020. (Doc. # 33). For the reasons that follow, the Motion is granted and the amended complaint is dismissed with leave to amend.

**I.  Background**

Izydorek previously participated in the long-term disability plan established by DENSO International America, Inc., his former employer. (Doc. # 24-1). The plan was insured by group insurance policy number 539578-002. (Id.). According to the plan, the plan participant/claimant receives a notice outlining the basis for any adverse benefits decision and has

1

an opportunity to file an appeal. (Id. at 31). The plan states: "You have 180 days from the receipt of notice of an adverse benefit determination to file an appeal. Requests for appeals should be sent to the address specified in the claim denial." (Id. at 31). It also explains: "Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim." (Id. at 32).

According to the amended complaint, Izydorek became eligible for coverage under the plan in May 2000. (Doc. # 15 at 1). Unum Group "is the claims administrator for" the plan. (Id.). Izydorek seeks to "recover benefits due him under the terms of the plan, to enforce his rights under the plan, [and] to clarify his rights to future benefits under the terms of the plan." (Id.).

In September 2001, Izydorek was "performing the duties of his regular occupation as an Engineer Program Manager." (Id. at 2). He also "began developing and leasing residential real estate" at this time on a part-time basis, an occupation he is "reasonably fitted by education, training, or experience" to do. (Id. at 2, 4).

Beginning in August 2004, he could no longer perform the duties of his "regular occupation" due to "status

epilepticus." (Id. at 2). On December 20, 2004, Unum Group started making monthly benefit payments to Izydorek. (Id.). In March 2007, Izydorek took a real estate course to obtain his real estate license in Michigan. (Id.).

Under the plan, a claimant is disabled when he is "limited from performing the material and substantial duties of [his] regular occupation due to [his] sickness or injury." (Doc. # 24-1 at 15). The plan also includes a "gainful occupation" clause, which states: "[a]fter 60 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience." (Id.). The amended complaint alleges that Izydorek was not able to satisfy the "gainful occupation" requirements even though he "[chose] to work on a part-time basis." (Doc. # 15 at 2-3). Additionally, Izydorek "was unable to perform the duties of his regular occupation." (Id. at 4).

Around February 4, 2017, Unum Group allegedly breached the "LTD insurance contract" when it decided to terminate benefits and stopped making monthly payments. (Id. at 2-4). The Notice of Decision issued on February 3, 2017, states that Unum Group determined Izydorek was no longer disabled as

3

defined by the plan because he was able to perform the duties of his occupation. (Doc. # 24-2 at 2). The Notice states that, if Izydorek disagreed with the termination of his benefits, he had the right to request an appeal within 180 days. (Id. at 5-6). The Notice explains: "If we do not receive your written appeal within 180 days of the date you receive this letter, our claim determination will be final." (Id. at 6). The Notice also advises that, if Izydorek disagreed with the results of the appeal, he would "have the right to have a court review the appeal determination by bringing a civil action under section 502(a) of the Employee Retirement Income Security Act (ERISA)." (Id.).

Just under three years after his benefits were terminated, in January 2020, Izydorek "prepared a letter to initiate administrative remedies" and "made repeated attempts to get contact information for the legal department at Unum [Group] through [its] customer service line." (Doc. # 15 at 2). He alleges that he spoke with "an appropriate Unum [Group] representative" on January 27, 2020, and was told that February 3, 2020, was the deadline to file suit. (Id.).

Unum Group also allegedly breached the plan "by paying an incorrect amount for monthly payments from 2005-2009." (Id. at 4). Because of this alleged breach, Izydorek suffered

4

compensatory damages, including "miss[ing] out on opportunities in business, as well as, in his personal life." (Id.). The alleged underpayment of benefits is "[p]resumably time-barred," but the amended complaint states that interest is still owed. (Id.).

Izydorek initiated this action on January 31, 2020. (Doc. # 1). He filed his amended complaint on June 9, 2020, asserting two counts of breach of contract based on violations of the ERISA-governed plan. (Doc. # 15). Izydorek seeks punitive damages in addition to past benefits through June 2020 and he demands trial by jury. (Id. at 1, 4).

Now, Unum Group seeks to dismiss the amended complaint with prejudice. (Doc. # 24). The Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

"It is well-established law in this Circuit that plaintiffs in ERISA cases must normally exhaust available administrative remedies under their ERISA-governed plans before they may bring suit in federal court." Springer v. Wal-Mart Associates' Grp. Health Plan, 908 F.2d 897, 899 (11th Cir. 1990). "This requirement applies both to breach-of-contract actions . . . and to actions based on alleged statutory violations." Id. "Although not required by the text

6

of ERISA, exhaustion is a court-imposed requirement based on the interpretation of the statute and congressional intent." Tindell v. Tree of Life, Inc., 672 F. Supp. 2d 1300, 1306 (M.D. Fla. 2009). "Generally, if an individual fails to exhaust the administrative remedies, that person's claim is barred." Id.

"Although the courts strictly enforce the exhaustion requirement, the Eleventh Circuit Court of Appeals has recognized certain exceptions." Id. Specifically, "Eleventh Circuit case law excuses the exhaustion requirement in two circumstances: 'only when [1] "resort to administrative remedies would be futile or the remedy inadequate," or [2] where a claimant is denied "meaningful access" to the administrative review scheme in place.'" Bickley v. Caremark Rx, Inc., 361 F. Supp. 2d 1317, 1334-35 (N.D. Ala. 2004)(citations omitted), aff'd, 461 F.3d 1325 (11th Cir. 2006).

As a preliminary matter, the Court determines that it may consider the plan document and the Notice of Decision because these documents are central to Izydorek's claims. See La Grasta, 358 F.3d at 845. Here, the plan required Izydorek to appeal the termination of his benefits within 180 days. (Doc. # 24-1 at 31). The plan specified that, "[u]nless there

7

are special circumstances, this administrative appeal process must be completed before [a claimant] begin[s] any legal action regarding [his] claim." (Id. at 32).

There is no question that Izydorek did not appeal the denial of his benefits within 180 days of the February 2017 termination of benefits. At most, the amended complaint alleges that, in January 2020, Izydorek "prepared a letter to initiate administrative remedies" and "made repeated attempts to get contact information for the legal department at Unum through Unum's customer service line." (Doc. # 15 at 2). January 2020 was far past the 180-day deadline to initiate an administrative appeal.

The amended complaint does not allege that special circumstances existed that would exempt Izydorek from appealing before filing this lawsuit under the terms of the plan. See (Doc. # 24-1 at 32)(stating that, "[u]nless there are special circumstances, this administrative appeal process must be completed before [a claimant] begin[s] any legal action regarding [his] claim"). Nor does the amended complaint allege that appealing the denial of benefits would have been futile, such that Izydorek should not have been required to appeal before filing suit. Thus, on its face, the

amended complaint shows that Izydorek has not exhausted his administrative remedies and his claims should be dismissed.

However, Izydorek raises new allegations in his response to the Motion. (Doc. # 30). Specifically, he alleges "there are special circumstances regarding his claim, as such, the administrative appeal process need not be exhausted before beginning any legal action." (Id. at 1-2). These alleged special circumstances, though unclear, appear to include Izydorek's inability to "determine or show proof of his continued disability within the 180 days of the appeal process." (Id. at 6). He also asserts that an administrative appeal of his benefits denial would have been futile "due to the highly subjective discretion and broad terms employed by [Unum Group] in making adverse determinations." (Id. at 1).

Because these allegations are not in the amended complaint, the new allegations in Izydorek's response cannot defeat dismissal of the amended complaint. See Gibbons v. McBride, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015)("A complaint may not be amended by briefs in opposition to a motion to dismiss."). Nevertheless, in light of Izydorek's pro se status, the Court will allow Izydorek one final opportunity to amend so he can attempt to plead exhaustion of administrative remedies.

The Court notes, however, Unum Group's arguments regarding the alleged underpayment of benefits, the demand for a jury trial, and the request for punitive and extra-contractual damages. (Doc. # 24 at 8-10). These arguments have merit, and Izydorek has conceded as much by failing to address them in his response. See Melendez v. Town of Bay Harbor Islands, No. 14-22383-CIV, 2014 WL 6682535, at *7 (S.D. Fla. Nov. 25, 2014)(striking demand for punitive damages because plaintiff "wholly fail[ed] to address this argument in her Response [], and therefore concedes the point"); Brady v. Medtronic, Inc., No. 13-CV-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014)("Brady effectively concedes that his strict product liability claims must be dismissed; he fails to address this argument in his opposition to the Motion to Dismiss."). Izydorek's claim for underpaid benefits from 2005 to 2009 is facially time-barred because the plan had a three-year limitations period for suits to recover benefits and this action was not initiated until 2020. Indeed, Izydorek recognized in his amended complaint that his claim for these allegedly underpaid benefits was "[p]resumably time-barred." (Doc. # 15 at 4).

Additionally, Izydorek cannot have a jury trial on his claims because the plan is governed by ERISA. See Perera v.

10

Metro. Life Ins. Co., No. 3:17-cv-195-J-39MCR, 2017 WL 4541569, at *2 (M.D. Fla. Oct. 11, 2017)("The Eleventh Circuit has held time and time again that relief under ERISA is limited to equitable remedies and there is no right to a trial by jury."). Nor can he recover punitive or extra-contractual damages as relief. See Amos v. Blue Cross-Blue Shield of Alabama, 868 F.2d 430, 431-32 (11th Cir. 1989)(explaining that "the various types of relief available to plaintiffs in civil actions brought pursuant to ERISA's civil enforcement scheme do not include extra-contractual or punitive damages" so plaintiff could not recover such damages "based upon the alleged wrongful denial of long term disability benefits under a group insurance policy governed by ERISA").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Unum Group's Motion to Dismiss Amended Complaint (Doc. # 24) is **GRANTED.**

(2) Pro se Plaintiff Randall Izydorek may file a second amended complaint by **September 11, 2020.**

11

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of August, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE